IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| CHASE TREVOR KAUFMANN, | ) | |
| Plaintiff, | ) | Civil Action No. 7:22cv00261 |
| v. | ) | **MEMORANDUM OPINION** |
| CPT. ROB COLEMAN, | ) | By:   Hon. Thomas T. Cullen |
| | ) | United States District Judge |
| Defendant. | ) | |

Plaintiff Chase Trevor Kaufmann, a Virginia inmate proceeding *pro se,* filed this civil action under 42 U.S.C. § 1983, against Cpt. Rob Coleman. Kaufmann seeks leave to proceed *in forma pauperis* with this action. Having reviewed Kaufmann's request and amended complaint, the court grants his request to proceed *in forma pauperis* and concludes that Kaufmann fails to state a cognizable federal claim against Cpt. Coleman. Therefore, the court will dismiss Kaufmann's complaint without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii).

After the court advised him that his original complaint failed to state a cognizable claim against Capt. Coleman (ECF No. 7), Kaufmann filed an amended complaint (ECF No. 8). In his amended complaint, Kaufmann alleges "cruel unusual punishment/use of excessive force[;] improper technique used to detain an inmate in a choking manner which is on video camera on October 13 [at] about 9:45 AM 2022." (ECF No. 8, at 2.) Kaufmann seeks $3,000 and "indefinite terminations of job." (*Id.*)

To state a cause of action under § 1983, a plaintiff must allege facts indicating that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state

law. *West v. Atkins*, 487 U.S. 42 (1988). The Eighth Amendment protects inmates from cruel and unusual punishment. *See Wilson v. Seiter*, 501 U.S. 294, 296-97 (1991); *Williams v. Benjamin*, 77 F.3d 756, 761 (4th Cir. 1996). To succeed on an excessive force claim, a prisoner must establish that "the officials acted with a sufficiently culpable state of mind" and that "the alleged wrongdoing was objectively harmful enough to establish a constitutional violation." *Hudson v. McMillian*, 503 U.S. 1, 8 (1992) (quotation and alteration omitted); *see, e.g., Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

Despite being given the opportunity to amend his complaint, Kaufmann fails to allege any fact against the defendant and, thus, the court cannot determine that *this* defendant was involved at all in violating his rights. Accordingly, the court will dismiss this action without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim.[1]

**ENTERED** this 6th day of October, 2022.

*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE

---

[1] Nothing in this Opinion precludes Kaufmann from refiling his action if he is prepared to allege the *who*, *what*, *when*, and *where* necessary to state a claim, subject to the applicable statutes of limitation.